IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY JOSEPH ROBLES,

    Plaintiff,

v.                                             No. CV 08-880 MCA/RHS

RON TORRES, DIRECTOR MDC, ET AL.,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Also under consideration are Plaintiff's emergency motion for release or transfer (Doc. 3), motion to add discrimination claims (Doc. 8), and motion for an order to recalculate release date (Doc. 11). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants Lawson and Mora placed Plaintiff in segregation, in retaliation for Plaintiff's complaints about Lawson. Plaintiff also alleges that Lawson offered to pay another inmate to assault him and that, as a separate act of retaliation, Defendant Perez ordered him to be temporarily locked down. In his motion to add discrimination claims, Plaintiff alleges that, in retaliation for his litigation activities, Phil Quintana denied him a work detail and Grievance Officer Marlene refused to provide grievance forms. Plaintiff's motion to order recalculation of release date alleges that Plaintiff remains incarcerated even though he was told that his release date has passed.

Plaintiff makes no allegations against parties other than those in the foregoing paragraph affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a § 1983 defendant may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against named Defendants Torres, Cisneros, Cordova, and Luquisha.

Likewise, no relief is available on Plaintiff's emergency motions for release (Doc. 3) or for an order to recalculate his release date (Doc. 11), which the Court construes alternatively as seeking injunctive relief or a second amendment of the complaint.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging . . . the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983."

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing § 1983; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Under the reasoning in *Nelson*, Plaintiff's motions seek to add claims that are not cognizable in this action, and the Court will deny the motions without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's initial partial payment toward the filing fee is WAIVED, the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff must make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why payments should be excused;

IT IS FURTHER ORDERED that Plaintiff's emergency motion for release (Doc. 3) and motion for order to recalculate release date (Doc. 11) are DENIED without prejudice to Plaintiff's right to pursue relief under the habeas corpus statutes; the motion for transfer (Doc. 3) is DENIED at this time pending Defendants' answers to the complaint;

IT IS FURTHER ORDERED that the motion to add discrimination claims (Doc. 8) is GRANTED; the Clerk is directed to add the names of Defendants Phil Quintana, Employment Coordinator, and Grievance Officer Marlene LNU to the docket; and the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1 & 8), for Defendants Lawson, Mora, Perez, Quintana, and Marlene LNU.

SO ORDERED this 24th day of February, 2009.

_____
M. CHRISTINA ARMIJO
United States District Judge